IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark E. Holland, | ) C/A No. 0:08-3960-HFF-PJG |
| Petitioner, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Federal Bureau of Prisons; Mary M. Mitchell,[1] Warden of Federal Prison Camp Edgefield, | ) |
| Respondents. | ) |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment. (Docket Entry 16.) The petitioner, Mark Holland ("Holland"), a self-represented federal prisoner, filed this action pursuant to 28 U.S.C. § 2241. He challenges the decision of the federal Bureau of Prisons ("BOP") that Holland is ineligible for early release from prison pursuant to 18 U.S.C. § 3621(e) if he successfully completes a Residential Drug Abuse Program. Further, Holland asserts that he is entitled to an "incentive" of one year in a community confinement facility pursuant to the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008).

The respondent filed a motion for summary judgment. (Docket Entry 16.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 17.) Holland filed a response in opposition to the respondents' motion. (Docket Entry 22.) The motion is now before the court for a Report and Recommendation.

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Mary M. Mitchell is substituted for Respondent John J. LaManna.

**BACKGROUND**

Holland is serving an 88-month sentence in federal prison for conspiracy to manufacture 50 grams or more of methamphetamine. At sentencing, Holland received a two-point enhancement for possessing a firearm during the course of his federal offense. (See Residential Drug Abuse Program Notice to Inmate, Docket Entry 16-4) (Comments). His current projected release date is April 21, 2011. Holland has requested consideration for participation in a Residential Drug Abuse Program ("RDAP"). Although Holland qualified for participation, BOP determined that, due to his sentence enhancement for possession of a firearm, he would be ineligible under BOP's regulations and policies for the statutory early release incentive. In September of 2008, BOP transferred Holland to FCI Edgefield so that he could participate in an RDAP. However, in October of 2008, Holland executed documents declining to participate in the RDAP. Thus, to date, Holland has not completed such a program.

**DISCUSSION**

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over

*PJG*

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.** *Pro se* **Pleadings**

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal

district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**C.      Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The sole remedy in federal court for a prisoner seeking restoration of good time credits or seeking to invalidate his disciplinary conviction is a writ of habeas corpus. See Edwards v. Balisok, 520 U.S. 641 (1997); Preiser, 411 U.S. 475. Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*)); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

D.  **Holland's Grounds for Habeas Relief**[2]

1.  **Challenge to 28 C.F.R. § 550.58 Based on the Administrative Procedures Act ("Arrington Claim")**

Pursuant to 18 U.S.C. § 3621(e)(2)(B), Congress granted to BOP the discretion to grant early release to prisoners who successfully complete a residential drug treatment plan. Id. (stating that the period of custody "*may* be reduced" by BOP) (emphasis added). In implementing this provision, BOP promulgated regulations providing for categorical denials of consideration of early release where a prisoner has been convicted of certain offenses. See 28 C.F.R. § 550.58 (eff. through March 15, 2009).[3] Specifically, BOP excludes inmates from early release consideration if their current offense is a felony "[t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon . . . ." Hicks v. Federal Bureau of Prisons, 603 F. Supp. 2d 835, n.3 (D.S.C. 2009) (quoting former 28 C.F.R. § 550.58(a)(vi)(B)). Further, pursuant to BOP's Program Statement 5162.04, inmates who have a "criminal offense with a Specific Offense Characteristic Enhancement" are not eligible for early release upon the completion of an RDAP. Thus, under the regulation and BOP's program statement, Holland is ineligible for early release due to his drug conviction and his sentencing enhancement for possession of a firearm. (Program Statement at 11-12, Docket Entry 16-6 at 11-12.)

---

[2] As an initial matter, the defendants argue that this issue is not ripe for adjudication as Holland has not completed an RDAP. The court finds, however, that because Holland has received a written decision from BOP stating that he is ineligible for early release through participation in an RDAP, this matter presents a justiciable controversy. (See Residential Drug Abuse Program Notice, Docket Entry 16-4.)

[3] The court observes that since Holland filed this action, this regulation has been modified slightly and redesignated as 28 C.F.R. § 550.55. However, as Holland's action arose under the former regulation, the court will begin its discussion with 28 C.F.R. § 550.58 as it existed at that time.

BOP's regulation has been upheld by both the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit. Lopez v. Davis, 531 U.S. 230 (2001); Cunningham v. Scibana, 259 F.3d 303 (4th Cir. 2001). Moreover, Paragraph 6 of the Program Statement was specifically upheld by the Fourth Circuit in Cunningham. Cunningham, 259 F.3d at 306.

Relying on the decision of the United States Court of Appeals for the Ninth Circuit in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), Holland contends that 28 C.F.R. § 550.58 was improperly promulgated under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). In Arrington, the Ninth Circuit found that, although BOP's interpretation of § 550.58 had been upheld by the United States Supreme Court in Lopez and by the Ninth Circuit in Bowen v. Hood, 202 F.3d 1211 (9th Cir. 2000), neither court had considered the distinct issue of whether § 550.58 was properly promulgated under the APA. Reviewing the explanation of BOP offered in the administrative record of the promulgation of § 550.58, the Ninth Circuit found that BOP had not "articulated a rational connection between the facts found and the choices made." Arrington, 516 F.3d at 1112 (quoting Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric., 415 F.3d 1078, 1093 (9th Cir. 2005)). Essentially, the Ninth Circuit found that, although the rule adopted by BOP was reasonable in substance, it nevertheless failed APA review because BOP failed to "comply with its procedural responsibility to articulate in the administrative record the rational basis upon which it relied in promulgating the rule." Arrington, 516 F.3d at 1115.

Many courts considering challenges to 28 C.F.R. § 550.58 based on Arrington have rejected or declined to follow the Ninth Circuit's reasoning in that case. See, e.g., Gatewood v. Outlaw, 560 F.3d 843 (8th Cir. 2009); Hicks v. Federal Bureau of Prisons, 603 F. Supp. 2d 835 (D.S.C. 2009); Minotti v. Whitehead, 584 F. Supp. 2d 750 (D. Md. 2008); Pruett v. Kastner, No. CIV-09-308-W, 2009 WL 2253273 (W.D. Okla. July 28, 2009); Ables v. Eichenlaub, 2009 WL 722287 (N.D. Fla.

March 18, 2009); Martinez v. Berkebile, No. 3-08-CV-1788-D, 2009 WL 159231 (N.D. Tex. Jan. 21, 2009); Snipe v. Dep't of Justice, No. 3:08-CV-22, 2008 WL 5412868 (N.D.W. Va. Dec. 23, 2008); Sinclair v. Eichenlaub, C/A No. 2:07-12967, 2008 WL 5235981 (E.D. Mich. Dec. 15, 2008); Baxter v. Quintana, C/A No. 08-91, 2008 WL 5115046 (W.D. Pa. Dec. 4, 2008); Neal v. Grondolsky, C/A No. 08-2477, 2008 WL 4186901 (D.N.J. Sept. 9, 2008) (all rejecting or declining to follow the holding in Arrington); see also Alnoubani v. Fed. Bureau of Prisons, 306 Fed. Appx. 309, 2009 WL 102126 (7th Cir. Jan. 15, 2009) (taking no position on the reasoning of Arrington). Notably, three of these decisions were district courts applying Fourth Circuit precedent.

The Ninth Circuit's holding in Arrington is not controlling on this court. See, e.g., Virginia Soc'y for Human Life, Inc. v. Fed. Election Comm'n, 263 F.3d 379, 393 (4th Cir. 2001) (observing that "a federal court of appeals's decision is only binding within its circuit.") The Fourth Circuit has not adopted the Ninth Circuit's technical requirement that the basis for an agency's decision be expressly and fully explained in the administrative record of the promulgation of its regulation. Rather, in reviewing agency action, the Fourth Circuit requires that the agency's rationale for its decision be reasonably discernible. See 1000 Friends of Maryland v. Browner, 265 F.3d 216, 238 (4th Cir. 2001) ("While an 'agency must examine the relevant data and articulate a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made,' courts will 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'") (quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)).

In Hicks v. Federal Bureau of Prisons, 603 F. Supp. 2d 835 (D.S.C. 2009), the Honorable Henry F. Floyd, United States District Judge, addressed the precise issue before the court and concluded that BOP's explanation for its rule to exclude categorically certain prisoners from early

*PJG*

release consideration satisfied the Fourth Circuit's standard enunciated in 1000 Friends. Hicks, 603 F. Supp. 2d at 843. Although the Hicks Court "agree[d] that the BOP could have more lucidly explained why it excluded inmates convicted under § 924(c)[4] from the early release program," it viewed the agency's rule in light of its regulatory history, which involved "several different versions within a ten-year period, each of which had been construed differently among the federal courts." The Court concluded that the agency's path could be reasonably discerned. Id. at 840. The purpose of the regulation, the Court found, was to "allow for 'uniform' and 'consistent' application to all federal prisoners." Id.

Further, the Hicks Court observed as an alternative and independent basis to deny habeas relief based on an Arrington claim that on March 16, 2009, the BOP adopted a new version of the regulation at issue. This regulation is codified at 28 C.F.R. § 550.55, as opposed to § 550.58, the regulation at issue here. The new regulation, while essentially identical to the former version, contains a detailed rationale as to why inmates who have been convicted of carrying, possessing, or using a firearm in connection with a drug trafficking offense are ineligible for consideration for early release. See Drug Abuse Treatment Program, 74 Fed. Reg. 1892, 1895 (Jan. 14, 2009). The Hicks Court found that the new regulation, which essentially solved the problem that the Arrington Court found to be fatal, applied retroactively. Hicks, 603 F. Supp. 2d at 841-42.

Thus, Holland's claim based on Arrington's conclusion that § 550.58 violated the APA fails because the regulation satisfies the Fourth Circuit's requirement that the agency's rationale be "reasonably discernable." 1000 Friends, 265 F.3d at 238; Hicks, 603 F. Supp. 2d at 840. Further,

---

[4]Section 924(c) essentially provides for additional penalties for defendants using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a crime of violence or drug trafficking crime. See 18 U.S.C. § 924(c).

*PJG*

even if it did not, the newly adopted § 550.55 contains a detailed explanation and may be applied retroactively to Holland. For these reasons, the respondent is entitled to summary judgment on this claim.

### 2. Due Process and Equal Protection Claims

Holland also contends that BOP's refusal to consider him eligible for early release violates the Due Process Clause. To prevail on such a claim, Holland must show that BOP's decision deprives him of a liberty or property interest. See Board of Regents v. Roth, 408 U.S. 564, 570 (1972) (stating that the requirements of procedural due process apply only to constitutionally protected liberty and property interests). However, inmates have no constitutional right to be conditionally released before completing a valid sentence. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). More specifically, courts have held that § 3621 does not create a constitutionally protected liberty interest.[5] See, e.g., Cook v. Wiley, 208 F.3d 1314, 1323 (11th Cir. 2000). Finally, although a liberty interest may arise when an inmate is subjected to atypical and significant hardship in relation to the ordinary incidents of prison life, Sandin v. Conner, 515 U.S. 472, 484 (1995), the fact that Holland may have to serve the full term of imprisonment imposed by the district court does not subject him to such hardship.

Holland's equal protection claim is based on his assertion that, based upon the Arrington decision, inmates who are imprisoned in facilities in states within the jurisdiction of the United States Court of Appeals for the Ninth Circuit are treated more favorably than similarly situated prisoners who are housed in states in other circuits. (Pet., Docket Entry 1 at 8.) To prevail on such

---

[5]Furthermore, with regard to any due process claim Holland may be asserting pertaining to the Second Chance Act, it is well settled that inmates do not have a constitutionally protected liberty interest in serving their sentences in any particular location or institution. See Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983); Meacham v. Fano, 427 U.S. 215, 224-25 (1976).

a claim, Holland must show that BOP is treating him differently than other similarly situated prisoners based upon intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Here, BOP is simply applying the law of the Ninth Circuit in facilities within the jurisdiction of that Court of Appeals, as it is required to do. Inmates subject to different controlling law are not similarly situated. See U.S. Const. amend. XIV, § 1 (prohibiting a state from "denying any person *within its jurisdiction* the equal protection of the laws") (emphasis added); Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc., 106 F.3d 1146, 1156 (4th Cir. 1997) ("Regardless of whether the argument is made under the Fourteenth Amendment or the Fifth Amendment, however, the standard for defining the equal protection guarantee is the same."). Therefore, Holland cannot show that he is similarly situated to inmates housed within the Ninth Circuit, or that BOP is engaging in purposeful discrimination by treating such inmates differently.

### 3. Second Chance Act

The Second Chance Act, Pub. L. No. 110-199, 122 Stat. 657 (2008), became law in April of 2008. The relevant portion of the Act provides for the establishment of a federal prisoner re-entry initiative to help prepare prisoners for release and successful reintegration into the community. 42 U.S.C. § 17541; see also Pub. L. No. 110-199, § 251(a), 122 Stat. 657, 692-93. Pertinent here, the Act requires incentives for prisoners who participate in re-entry and skills development programs. Those incentives "may, at the discretion of the Director, include . . . the maximum allowable period in a community confinement facility . . . ." 42 U.S.C. § 17541(a)(2)(A).

BOP has not yet promulgated regulations or policies associated with the Second Chance Act. However, the Act itself makes clear that any incentive, such as the placement in a community confinement facility for the maximum allowable period as Holland seeks here, is within the discretion of the director of BOP. Accordingly, Holland is not entitled to be placed in such a facility

*PJG*

for the maximum allowable time, even if he were to complete an RDAP. Thus, his request for an order from this court directing BOP to do so should be denied. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987) (emphasizing that courts should not "substitute [their] judgment . . . on difficult and sensitive matters of institutional administration, for the determinations of those charged with the formidable task of running a prison") (internal citation and quotation omitted). Moreover, the court observes that Holland's request in this regard relates to the conditions of his confinement—i.e., the location—and not the duration of his sentence. Consequently, such a request for relief falls outside the parameters of § 2241.

## RECOMMENDATION

The regulation that Holland challenges satisfies the Fourth Circuit's standard for the adequacy of an agency's explanation for its rule under the Administrative Procedures Act. See 1000 Friends of Maryland, 265 F.3d 216; Hicks, 603 F. Supp. 2d at 839-41. Further, even if it did not, any deficiency in the BOP's explanation has been cured by the adoption of 28 C.F.R. § 550.55, which may be applied retroactively to Holland. Hicks, 603 F. Supp. 2d at 840-41. Moreover, BOP's decision that Holland is ineligible for early release does not violate Holland's due process or equal protection rights on the bases he alleges. Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 16) be granted and that Holland's petition for a writ of habeas corpus be denied. Finally, Holland's request for an order directing BOP to place him in a community confinement facility for the maximum allowable period upon the successful completion of an RDAP should also be denied.

_____

August 11, 2009  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).