

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| MARK E. HOLLAND,<br>　　　　Petitioner,<br><br>vs.<br><br>FEDERAL BUREAU OF PRISONS and<br>MARY M. MITCHELL,*<br>Warden of Federal Prison Camp Edgefield,<br>　　　　Respondents. | §<br>§<br>§<br>§ CIVIL ACTION NO. 0:08-3960-HFF-PJG<br>§<br>§<br>§<br>§<br>§ |

## ORDER

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondents' motion for summary judgment (Docket Entry 16) be granted, Petitioner's petition for a writ of habeas corpus be denied, and Petitioner's request for an order directing the Bureau of Prisons to place him in a community confinement facility for the maximum allowable period upon the successful completion of a Residential Drug Abuse Program be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

*Pursuant to Federal Rule of Civil Procedure 25(d), Mary M. Mitchell is substituted for Respondent John J. LaManna.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 11, 2009, but Petitioner failed to file any objections to the Report. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

In reviewing the Report, however, the Court is unconvinced that this case is ripe for adjudication. As argued by Respondents,

> [Petitioner's] grounds for relief are not ripe because he has not successfully completed the [Residential Drug Abuse Program (RDAP)], which is a prerequisite to being considered for early release or placement in community confinement for the maximum allowable period. [Petitioner's] eligibility for participation in and successful completion of the RDAP, which must occur to create his eligibility for early release under 18 U.S.C. § 3621(e)(2)(B), or maximum placement in community confinement under 42 U.S.C. § 17541, are future contingencies. At this stage, the duration of [Petitioner's] imprisonment based on possible early release or maximum placement in community confinement is not a controversy. Accordingly, [Petitioner's] petition should be dismissed because it is not ripe for adjudication.

(Respondents' Motion for Summary Judgment 8-9.) Nevertheless, even if the Court were to agree with the Magistrate Judge that this case is ripe for review, Petitioner would not be entitled to the relief that he seeks for the reasons set forth in the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court that Respondents' motion for

summary judgment (Docket Entry 16) be **GRANTED** to the extent that Petitioner's petition for a writ of habeas corpus is **DISMISSED** without prejudice and Petitioner's request for an order directing the Bureau of Prisons to place him in a community confinement facility for the maximum allowable period upon the successful completion of a Residential Drug Abuse Program is **DENIED**.

**IT IS SO ORDERED**.

Signed this 2nd day of September, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.